THE STATE OF KANSAS v. W. J. NEWBOLD.

MISDEMEANORS — *Jurisdiction of Appellate Courts.*   Chapter 96 of
the Laws of 1895 (An act concerning appellate courts, defining their
jurisdiction and proceedings therein,) does not confer jurisdiction
on such courts to hear and determine cases of appeals taken by the
state in cases of misdemeanors.

MEMORANDUM.—Appeal from Sumner district court ;
J. A. BURNETTE, judge.   An information was filed
against William J. Newbold for having neglected to
keep an account of fees as register of deeds.   The in-
formation was quashed, and The State appeals.   Case
returned to the supreme court.   The facts are stated
in the opinion herein, filed June 17, 1895.

*F. B. Dawes*, attorney general, and *James Lawrence*,
for The State.

*C. E. Elliott*, and *W. W. Schwinn*, for appellee.

The opinion of the court was delivered by

JOHNSON, P. J.: The county attorney of Sumner county filed an information in the office of the clerk of the district court of Sumner county, charging William J. Newbold, register of deeds of said county, as follows :

"That from the 8th day of January, 1894, to the date of the filing of the information, to wit, December 17, 1894, he was and had been continuously the duly-elected, qualified and acting register of deeds of Sumner county, Kansas, and as such register of deeds, from the first day of July, 1894, to October 1, 1894, charged and collected large sums of money as fees for duties performed as such register of deeds, and that on the 1st day of October, 1894, and ever since said day, he, the said William J. Newbold, as register of deeds of Sumner county, Kansas, aforesaid, did then and there unlawfully and willfully neglect and refuse to keep and file with the county clerk of Sumner county, Kansas, an accurate account and report all the fees charged by him, the said William J. Newbold, as such register of deeds, during the quarter commencing with the first day of July, 1894, and ending on the 30th day of September, 1894, as provided by law."

The defendant, Newbold, was arrested on a warrant issued by the clerk of the district court of Sumner county, upon the filing of said information, and gave recognizance for his appearance in said court to answer the charge contained in the information, and on the 22d day of December, 1894, at the December term, 1894, of said court, defendant filed a motion to quash said information, on two grounds : First, that the information does not state facts sufficient to constitute an offense against the laws of the state of Kansas, or any public offense ; second, that the statute under

which the defendant is charged in said information with having violated is in contravention of the constitution of the state of Kansas. The motion to quash the information was sustained, and the information quashed, and defendant's recognizance discharged. To the judgment of the court in sustaining said motion and quashing the information the county attorney excepted, and filed his bill of exceptions, and brought said case to the supreme court on appeal, and the supreme court certified said case down to the court of appeals for its decision. The parties have each appeared in this court and filed their briefs presenting the various questions involved on the merits of said prosecution.

Without proceeding to the consideration of the questions involved, we are met at the threshold of this case with a most serious embarrassment, and one that involves the jurisdiction of this court to entertain this case and to decide upon the questions presented in briefs of counsel. Neither party, in their briefs or otherwise, raise the question of jurisdiction of the appellate court; but the court must, before proceeding to determine any case, ascertain whether it has jurisdiction of the parties and of the subject-matter. Where there is no jurisdiction, it does not belong to the proper function of a court to give an opinion on a matter submitted to it for the guidance of parties or inferior tribunals, even where the parties consent to it. The legitimate business of a court is confined to giving decisions in cases properly before it. This case was taken to the supreme court before the act of the legislature was passed that created the appellate court, and was taken on appeal, under § 283 of chapter 82, General Statutes of 1889, which reads as follows:

"SEC. 283. Appeals to the supreme court may be

taken by the state in the following cases, and no other : *First*, Upon a judgment for the defendant, on quashing or setting aside an indictment or information. *Second*, Upon an order of the court arresting the judgment. *Third*, Upon a question reserved by the state.''

The act entitled ''An act concerning courts of appeal, defining their jurisdiction and the proceedings therein,'' (passed and approved February 26, 1895, and became a law by publication February 27, 1895,) is the law creating courts of appeal, and their powers and jurisdiction are specifically defined and limited thereby, and they can exercise no other than such as are thus defined, or such as are incidental to carrying into effect the powers thus conferred. The jurisdiction of the courts of appeal is defined in § 9 of chapter 96, Laws of 1895, and is as follows :

''Sec. 9. Said courts of appeals, within their respective divisions, shall have original jurisdiction, concurrent with and to the same extent as is now given by law to the supreme court, in *quo warranto*, *mandamus*, and *habeas corpus*. They shall also have exclusive appellate jurisdiction as now allowed by law in all cases of appeal from convictions for misdemeanors in the district and other courts of record ; also in all proceedings in error, as now allowed by law, taken from orders and decisions of the district and other courts of record, or the judges thereof, except probate courts in civil actions before final judgment, and from all final orders and judgments of such courts, within their respective divisions, where the amount or value does not exceed $2,000, exclusive of interest and cost, except that in any such case as is herein made final in the court of appeals it shall be competent for the supreme court to require, by any proper order and process within 60 days after the entry of such final judgment or order in the court of appeals, to direct any such case to be certified to the supreme court for its review and determination, with the same

power and authority as if it had been carried by appeal or writ of error to the supreme court in the first instance.   All other cases of appeal and proceedings in error shall be taken as now provided by law."

The jurisdiction as thus defined is limited to all cases of appeal from convictions for misdemeanors in the district and other courts of record.   The limitation, in cases of misdemeanors, being confined to cases of convictions as thus expressly defined, precludes the court from taking jurisdiction in cases of appeal by the state in the three causes in which the state may appeal.

In providing the courts of this state for speedy, universal and impartial justice between the citizens, for the protection of persons, the punishment of crime, to preserve order and protect society, our constitution has wisely provided for a prodigious variety of courts —some with limited, others with more extensive jurisdiction ; some constituted to inquire only, others to hear and determine in the first instance, others upon appeal and by way of review.   The powers and jurisdiction of each are defined by law.   All must confine their acts within the jurisdiction conferred upon them or their acts will be *coram non judice*.

The act of the legislature of 1895 creating the courts of appeals, containing as it does a grant of specific powers, the courts cannot take any powers beyond those contained in the specific grant, and which have been given either expressly or by necessary implication.   It may seem an anomaly that the courts of appeals are invested with exclusive appellate jurisdiction in all cases of appeal from convictions for misdemeanors, and with full power to determine the very same constitutional questions that are raised in a case where the state appeals.   If the district court

31—APP.

in this case should have overruled the motion to quash the information, and the case gone to trial and resulted in a conviction of the defendant and he had brought the case into this court by appeal, this court would, without any question, have had the exclusive jurisdiction to hear and determine the same questions that are involved in the appeal by the state. Yet this court does not make the law; its only function is to decide upon the law when presented to it for our consideration. Under our form of government its functions are divided between three separate departments — the executive, legislative, and judicial. Each must act within the limits of its own jurisdiction, and each is responsible for its own acts, and the legisative department, in its wisdom, has placed a limitation on the jurisdiction of the appellate court. We must have respect for its acts.

This court, being without jurisdiction in this appeal, must decline to consider further the matters submitted in the briefs of counsel, and suggest that the case be returned to the supreme court for its determination.

All the Judges concurring,